## W. R. WHITMAN *vs*. S. M. WENE.

### April Term, 1874.

SPECIFIC EXECUTION—UNEQUAL CONTRACT.—A court of equity will not lend its aid to the enforcement of a contract which is manifestly unequal.

CASE IN JUDGMENT.—Thus, where the instrument sought to be enforced recites that the parties have mutually agreed to enter into the bond in the penalty of $500, with the condition for securing the defendant, his heirs and assigns, in the quiet enjoyment of the property free from all encumbrance, and possession on a given day, but the condition is only to secure the purchase-money, $2,800, and obligatory on the defendant alone, and there is no covenant on the part of the complainant for a warranty of title, or for the execution of a deed or assurance of title of any kind, the court refused to entertain a bill by the vendor against the vendee, and dismissed it with costs.

*R. S. Overall*, for complainant.
*M. C. Goodlett*, for defendant.

THE CHANCELLOR :—If this case turned upon the issue made by the pleadings, proof and argument of counsel, I should feel great doubt how it ought to be decided. That issue is whether the instrument sued on was ever executed by the defendant. The answer denies the execution under oath, and there is only one witness, the attorney in fact of complainant who signed it in the name of complainant, to prove the execution. There is corroborating testimony, however, to sustain him, strongly persuasive in view of the character and intelligence of the witnesses ; but whether sufficient to overturn the answers, and the evidence of the defendant as a witness, may admit of doubt.

Upon examining the agreement itself, however, I find that, even if its execution be satisfactorily established, it is deficient in those qualities of mutuality and equality which are essential to the specific execution of contracts in this court.

The bill styles the instrument sued on as " a certain memorandum of agreement of sale and purchase of said premises, a house and lot, the same reciting and including a bond in the usual form for a specific compliance with its terms, conditioned with a certain forfeiture in case either should fail to do so at a time therein specified." The instrument itself recites that the parties have mutually agreed to enter into

this bond in the penalty of $500, with the condition hereunder written for securing unto the said Wene, his heirs and assigns, the quiet enjoyment of the same free from all encumbrance, and that possession begin on the 1st day of January, 1873. But the condition which immediately follows is only to secure the payment of the purchase-money, and is obligatory upon Wene alone. If, however, we consider the preceding clause as embodying the condition to secure Wene, the stipulation is only for quiet enjoyment free from encumbrance, and possession on the 1st of January, 1873, for all of which the security is the penalty of $500. There is, it will be noticed, no condition such as is usually contained in title bonds, for the execution of a warranty deed in fee simple upon the payment of the purchase-money. There is no condition for a deed of any sort, even a quit-claim deed. Wene is entitled to nothing under the agreement, dependent upon the penalty, except possession and quiet enjoyment free from encumbrance, but even as to these he cannot demand any assurance of title. His only recourse in case of breach, is the penalty of $500. The contract is grossly unequal inasmuch as the defendant is bound for $2,800, which, according to complainant's construction of the contract, he must pay without reference to the limitation of the penalty to $500. In other words, the complainant gets $2,800, for which he has the personal liability of the defendant and a lien on the land, and gives, in return, an obligation in the penalty of $500 to put the defendant in possession of the land and secure him quiet enjoyment free from encumbrance —a liability against which the statute of limitation begins to run at once. There is no covenant for warranty of title which runs with the land, and gives the purchaser the benefit of all previous warranties. There is no covenant for title at all.

The instrument does start out with saying, that complainant "has this day sold" to defendant the lot in question. This is not a stipulation for a deed, and, if it has any operation, is in itself a deed. But the bill does not pretend that

it was intended as a deed, or was delivered and accepted as a deed. Unless it was so intended by the parties, and actually delivered and accepted as a deed, it would not be operative as such. The recital, therefore, can only be treated as a preamble to the obligation which the instrument afterwards says the parties "mutually agreed" to enter into. That obligation does not include the execution by the complainant to the defendant of a deed of any sort, much less a warranty deed in fee simple.

It may be added that the power of attorney under which the attorney in fact acted, does not authorize him to make a deed with covenants of general warranty, nor even to bind his principal to the extent of the stipulations actually recited in the instrument sued on. The specific execution of contracts is not a matter of right, but of discretion, a legal discretion, it is true, and not mere caprice. But no court of equity will lend its aid to the enforcement of a contract which is manifestly unequal, although the inequality may have been the result of oversight and haste.

The bill must be dismissed with costs.